IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,

    Plaintiff,

v.                          Criminal Action No. 2:00CR7-09
                                         (STAMP)
SHAUN A. BROOKS,

    Defendant.

**ORDER DENYING DEFENDANT'S MOTION PURSUANT TO**
**FEDERAL RULE OF CIVIL PROCEDURE 60(b)(6)**

On July 18, 2005, the defendant, Shaun A. Brooks, filed a motion for this Court to amend his sentence pursuant to Federal Rule of Civil Procedure 60(b)(6). The defendant seeks relief based on the ruling of the Supreme Court of the United States in <u>Blakely v. Washington</u>, 124 S. Ct. 2531 (2004). Specifically, the defendant challenges the drug quantity that was used to compute his sentence on the grounds that it exceeds the amount charged in his Indictment. In response, the government argues that the defendant challenged the relevant conduct in his case at the time of sentencing and his objection was overruled by this Court. The government also states that the defendant previously filed a 28 U.S.C. § 2255 and a letter motion for reduction of sentence, which were both denied.[1] The government asserts that the present motion is essentially seeking relief under 28 U.S.C. § 2255. Because this

---

[1] On July 3, 2003, this Court entered a memorandum opinion and order affirming the report and recommendation denying the motion to vacate under 28 U.S.C. § 2255. On July 5, 2003, this Court entered an order denying defendant's letter motion for reduction of sentence.

would serve as a successive § 2255 motion for the defendant, the government asserts that the defendant must seek an order from the United States Court of Appeals for the Fourth Circuit authorizing this Court to consider his motion.  The defendant has not requested such an order from the Fourth Circuit and, therefore, the government contends that this Court must dismiss the defendant's motion.

Federal Rule of Civil Procedure 60(b) provides relief from a judgment based on:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Fed. R. Civ. P. 60(b).

The Fourth Circuit has held that Rule 60(b) motions should be treated as successive applications for post-conviction relief under 28 U.S.C. § 2255 when they present claims that are "equivalent to additional habeas claims."  Hunt v. Nuth, 57 F.3d 1327, 1339 (4th Cir. 1995).  In United States v. Winestock, 340 F.3d 200 (4th Cir. 2003), the Fourth Circuit further mandated that "district courts <u>must</u> treat Rule 60(b) motions as successive collateral review applications when failing to do so would allow the applicant to

'evade the bar against relitigation of claims presented in a prior application or the bar against litigation of claims not presented in a prior application.'" Id. at 206 (citing Calderon v. Thompson, 523 U.S. 538, 553 (1998)(holding that courts must not allow prisoners to circumvent the strict requirements of 28 U.S.C. §§ 2254 and 2255 by attaching labels to petitions other than "successive application" for post-conviction relief)).

The Winestock court also described the method that courts should use to distinguish proper motions under Rule 60(b) from "'successive [applications] in 60(b)'s clothing.'" Id. at 207 (quoting Lazo v. United States, 314 F.3d 571, 573 (11th Cir. 2002) (per curiam)). The Court stated that

> a relatively straightforward guide is that a motion directly attacking the prisoner's conviction or sentence will usually amount to a successive application, while a motion seeking a remedy for some defect in a collateral review process will generally be deemed a proper motion to reconsider. Thus, a brand-new, free-standing allegation of constitutional error in the underlying criminal judgment will virtually always implicate the rules governing successive applications.

Id.

The defendant's motion is challenging the legality of his sentence and not to remedy a defect in the collateral review process. Thus, his claim cannot stand unless properly brought as a successive application for relief under 28 U.S.C. § 2255. For this reason, the defendant's Rule 60(b)(6) motion must be DENIED.

Should the defendant choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit,

3

he is ADVISED that he must file a notice of appeal with the Clerk of this Court within thirty days after the date of the entry of the judgment order. Upon reviewing the notice of appeal, this Court will either issue a certificate of appealability or state why a certificate should not issue in accordance with Federal Rule of Appellate Procedure 22(b)(1). If this Court should deny a certification, the defendant may request a circuit judge of the United States Court of Appeals for the Fourth Circuit to issue the certificate.

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this order to the defendant and to counsel of record herein.

DATED: December 30, 2005

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE